CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
11/30/2017
JULIA C. DUDLEY, CLERK
BY: s/ F. COLEMAN
    DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| GUGGENHEIMER HEALTH & REHABILITATION CENTER, Authorized Representative for CHARLES E. BEDAT<br><br>    Plaintiff<br><br>v.<br><br>WILLIAM A. HAZEL JR.<br>In his official capacity as the Secretary of Health and Human Resources<br><br>And<br><br>CYNTHIA B. JONES<br>In her official capacity as Director of Department of Medical Assistance Services<br><br>    Defendants | Civil No.: 6:17CV00079 |

### COMPLAINT AND PETITION FOR DECLARATORY JUDGMENT

**I.      Preliminary Statement**

As a condition of receiving federal funds, the Commonwealth of Virginia is required to operate the Medicaid program in compliance with the Social Security Act and implementing regulations, pursuant to 42 U.S.C. § 1396(c). This case concerns the failure of Defendant William A. Hazel Jr. (hereinafter referred to as "Hazel"), the Secretary of Health and Human Resources, and Defendant Cynthia B. Jones (hereinafter referred to as "Jones") (collectively referred to as "Defendants"), Director of the Department of Medical Assistance Services (hereinafter "DMAS") to ensure that Defendants comply with its obligation to effectuate fair hearings in compliance with the requirements of the Federal Medicaid Act, and in accordance with the Constitution and laws of the United States, including the right to due process.

Defendants are directly responsible for the policies necessary for the implementation of a system which ensures hearing rights to all Medicaid applicants and beneficiaries.

Defendants' failure to give Plaintiff adequate and sufficient notice regarding the denial of is Medicaid benefits is a violation of the Federal Medicaid Act at 42 U.S.C. § 1396(a), *et. seq.*, 42 U.S.C. § 1983, Due Process Clause of the Fourteenth Amendment to the United States Constitution, the American's With Disabilities Act, and the Rehabilitation Act.

## II.     Parties

1.     Plaintiff Charles E. Bedat (hereinafter "Bedat " or "Plaintiff") receives 24-hour long term nursing care services provided by Centra Health d/b/a Guggenheimer Health and Rehabilitation (hereinafter referred to as "Guggenheimer" or "Facility").  Centra Health is a Virginia corporation headquarter at 1920 Atherholt Road, Lynchburg Virginia, 24501.  It owns and operates Guggenheimer Health and Rehabilitation, a Virginia corporation and skilled nursing facility located at 1902 Grace Street Lynchburg, Virginia 24504.  Mr. Bedat designated Guggenheimer as his Authorized Representative. See a true and accurate copy of the authorization attached hereto as **Exhibit A**.

2.     Defendant William A. Hazel Jr. is the Virginia Secretary of Health and Human Resources, and Defendant Cynthia B. Jones is the Director of the Department of Medical Assistance Services, an agency of Health and Human Resources, which, under Virginia law and applicable federal regulations, are charged with responsibility for administering and supervising Virginia's Medicaid program.  At all times material to this Complaint, Defendants acted under color of state law in administering the regulations, customs, policies, and practices material herein.  Defendants are sued in their official capacity only.

## III.     Jurisdiction and Venue

3. This action arises under the Title XIX of the Social Security Act, 42 U.S.C. § 1396a *et seq*. ("the Medicaid Act"), 42 CFR 435.725(e)(1), and the Supremacy Clause, U.S. Const., Art. VI, cl. 2.

4. Jurisdiction is conferred upon this Court by 28 U.S.C. §§ 1331 and 1343.

5. Declaratory relief is sought pursuant to 28 U.S.C. §§ 2201 and 2202.

6. Venue lies in this forum pursuant to 28 U.S.C. § 1391(b) and Local Civil Rule 3(C).

7. Medicaid provides health care benefits to qualifying low-income individuals—including, in this case, the elderly and disabled. 42 U.S.C. § 1396, *et seq*.

8. Medicaid is a joint federal and state program whereby participating states receive federal financial assistance and, in return, must follow the requirements of 42 U.S.C. § 1396a(a), the Medicaid Act and its rules and regulations.

**IV. Statement of Facts**

9. Guggenheimer is a skilled nursing facility in the Commonwealth of Virginia and dedicates itself to providing quality, long-term care for its residents.

10. Mr. Bedat is an elderly, disabled, man who suffers from various medical conditions, including dementia and other cognitive and physical ailments, that require him to receive twenty-four (24) hour care and assistance.

11. Mr. Bedat lacked mental capacity and/or the ability to manage his own affairs.

12. On January 11, 2016, Mr. Bedat was admitted to Guggenheimer. Since that time, he has been receiving care at Guggenheimer.

13. While at the Facility, Mr. Bedat was insolvent and in need of Medicaid benefits to pay for his care and assistance.

14. On or about June 20, 2016, Mr. Bedat submitted an application for Medicaid coverage.

15. On August 4, 2016, Mr. Bedat requested assistance in obtaining needed verifications as he had no access to any financial accounts or documents.

16. On September 2, 2016, Defendants denied Mr. Bedat's Medicaid coverage request, finding that Mr. Bedat was over resourced.

17. In the September 2, 2016 correspondence, Defendants failed to provide any information regarding Mr. Bedat's resources. Defendants did not provide any calculation of how they found Mr. Bedat to be over resourced.

18. On September 3, 2016, Mr. Bedat filed an appeal of the Defendants' decision.

19. Prior to October 3, 2016, Mr. Bedat designated Guggenheimer as his Authorized Representative.

20. On December 12, 2016, Defendants' sent Mr. Bedat their Agency Summary. This document provided the first information Mr. Bedat had received regarding the calculation of his resources.

21. The hearing was originally scheduled for December 14, 2016, but had to be continued as Defendants failed to provide the Agency Summary in enough time for Mr. Bedat to review the documents and prepare for the hearing.

22. Defendants are required to provide the Agency Summary at least 5 (five) days before a hearing.

23. On February 6, 2017, a hearing was held on Mr. Bedat's appeal.

24. On March 1, 2017, Defendants, acting through a DMAS hearing officer, issued their decision and denied Mr. Bedat's appeal, this is 149 days after Mr. Bedat filed his appeal.

25. Pursuant to 42 C.F.R. § 431.244, Mr. Bedat was entitled to a hearing and decision within 90 days of his appeal.

26. Pursuant to federal regulations, Defendants are required to "give beneficiaries timely and adequate notice of proposed action to terminate, discontinue, or suspend their eligibility or to reduce or discontinue services they may receive under Medicaid." 42 C.F.R. § 435.919 (2016).

27. Defendants' notice was inadequate because it failed to inform Mr. Bedat of how he was found to be over resourced.

28. Defendants possessed this information regarding Mr. Bedat's resources that Mr. Bedat did not have access to.

29. Defendants' failure to provide adequate notice is a jurisdictional defect that invalidates the administrative action until the defect is cured.

30. Pursuant to the Supremacy Clause of the United States Constitution, federal law preempts state law in areas of disagreement or conflict. Preemption arises where it would not be possible to comply with both federal and state laws at the same time, or when the state law "stands as an obstacle to the accomplishment and execution of the full purposes and objective[s] of Congress." *Pac. Capital Bank, N.A. v. Connecticut*, 542 F.3d 341, 351 (2d Cir.2008) (quoting *United States v. Locke*, 529 U.S. 89, 109, 120 S. Ct. 1135, 1148, 146 L.Ed.2d 69, 89 (2000)).

31. Federal courts have expressly held that, while Medicaid is a system of cooperative federalism, the same preemption analysis applies. *Lankford v. Sherman*, 451 F.3d 496, 510 (8th Cir. 2006) ("[O]nce the state voluntarily accepts the conditions imposed by Congress[,] the Supremacy Clause obliges it to comply with federal requirements"). *See*, e.g., *Lewis v. Alexander*,

Case No. 2006-3963 (E.D. Pa. August 23, 2011) (holding that where a state Medicaid law conflicts with a federal Medicaid statute or regulation, the state law is unenforceable).

32. Although states may create their own Medicaid plans and administer their own Medicaid programs, their Medicaid laws, rules, and programs may not contradict federal law. Therefore, Virginia and Defendants are required to administer its Medicaid program in accordance with federal law.

33. State laws, regulations, and rules addressing Medicaid eligibility must also be approved by the Centers for Medicare & Medicaid Services.

34. Defendant's failure and refusal to take Mr. Bedat's mental and physical incapacity and disabilities into account during the Medicaid eligibility process unequivocally discriminated against him and other disabled individuals by denying to such disabled individuals the right to qualify for vital public benefits. A disabled person, like Mr. Bedat, who is unable by reason of their disability to properly and timely comply with the guidelines of the Medicaid eligibility process may not be penalized for the inability to participate.

35. In 2008, Congress passed legislation requiring all states to implement electronic asset verification systems (AVS) in order to obtain information regarding Medicaid applicants, including those seeking Medicaid coverage for long-term care. 42 U.S.C. § 1396w. In addition, state Medicaid agencies can electronically obtain information regarding Medicaid applicants via the Public Assistance Reporting and Information System (PARIS). 42 C.F.R. § 435.945(d).

39. If the Medicaid agency cannot obtain all the necessary information on a Medicaid applicant via the AVS electronic database.

40. Federal law prohibits state Medicaid agencies from placing the burden on an

applicant in providing verifications of information that are readily available through an electronic system or from other sources. 42 C.F.R. § 435.948(b).

41.     In fact, Federal law imposed on Medicaid agencies an affirmative duty to obtain information regarding a Medicaid applicant's eligibility. This duty exists independent of the actions of the Medicaid applicant and is consequently not dependent on the extent of an applicant's efforts to obtain eligibility information, or on an applicant's request for assistance. 42 C.F.R § 435.952.

42.     In addition, Medicaid agencies are not permitted to ask applicants to produce information unless that information is unavailable electronically. 42 C.F.R. § 435.952(c).

43.     In the event that a Medicaid agency is unable to obtain the necessary verification through AVS, PARIS, or secondary sources, federal law provides that a Medicaid applicant's information and resources are not a cause for denial when they are unavailable to the applicant. 20 C.F.R. § 416.1201(a)(1).

44.     Under the Federal laws and regulations, an applicant can be denied Medicaid only when he or she, or their representative, refuse to obtain information and/or refuse to allow the caseworker to obtain that information.

45.     Here, based on information and belief, Defendants obtained financial information/necessary verifications through AVS or PARIS, or secondary sources. Without informing Mr. Bedat of the financial information obtained, Defendants denied Plaintiff's application for benefits. This left Plaintiff unable to take corrective action to dispose of assets and spend down income.

46.     Defendants' failure to comply with federal law and regulations regarding Mr. Bedat's Medicaid benefits, to which he was entitled under federal law, placed Mr. Bedat at risk of

being discharged from the Facility and jeopardized his health, safety, and well-being and caused him to accumulate a debt he cannot pay. Defendants' actions thereby deprived the Facility of its right to full compensation as a third-party beneficiary of the agreement between Defendants and Mr. Bedat – Defendants owe the Facility the benefits due Mr. Bedat for the 24-hour care provided to him, which places Mr. Bedat in the position of owing significant sums to the Facility for the care it provides to her.

47. Defendants have failed to provide a system which ensures that medical assistance will be available, including at least the care and services listed in paragraphs (1) through (5) of 42 U.S.C. § 1396d(a), to all individuals meeting specified financial eligibility standards, as required under 42 U.S.C. § 1396a(a)(10).

48. By failing to comply with the federal rules and regulations regarding eligibility and determining resources when assessing Plaintiff's application for Medicaid benefits, Defendants have deprived him of the rights, privileges, and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, and as preempted by the Supremacy Clause of the United States Constitution, Article VI.

49. Because Defendants have failed to comply with federal Medicaid law, applicable authority authorizes the automatic approval of Plaintiff's Medicaid benefits and adjustment of countable resource. *See, Smith v. Miller,* 665 F.2d 172, 176 (7th Cir. 1981).

50. The burden placed on Defendants, should the Court grant the relief requested in this action, is simply that Defendants will be required to comply with federal Medicaid laws.

51. Defendants stands to suffer diminutive, if any, burden by affording the Plaintiff public benefits to which he is entitled pursuant to federal law.

52. In contrast, the hardship that Defendants have inflicted on the Plaintiff is that he will be incur a debt he cannot pay for medical services which Defendants are obligated to award to eligible persons, like Plaintiff. Furthermore, by failing to act on Plaintiff's rights for public benefits, Defendants impact the Facility's health and ability to care for residents in its facilities.

## V.   CAUSES OF ACTION

### COUNT ONE—DECLARATORY JUDGEMENT

53. Plaintiff incorporates all paragraphs set out above as if fully set forth herein.

54. 42 C.F.R. § 435.919 (2016[1]) provided what information a state agency must provide to a beneficiary concerning the beneficiary's eligibility for Medicaid upon issuing a denial of benefits.

§ 435.919 Timely and adequate notice concerning adverse actions.

   (a) The agency must give beneficiaries timely and adequate notice of proposed action to terminate, discontinue, or suspend their eligibility or to reduce or discontinue services they may receive under Medicaid.
   (b) The notice must meet the requirements of subpart E of part 431 of this subchapter.

55. Defendants' failure to comply with federal law and regulations regarding Mr. Bedat's Medicaid benefits placed him at risk of being discharged from the Facility and jeopardized his health, safety, and well-being, and caused him to accumulate a debt he could not pay.

56. Defendants have failed to provide a system which ensures that medical assistance will be available, including at least the care and services listed in paragraphs (1) through (5) of 42 U.S.C. § 1396d(a), to all individuals meeting specified financial eligibility standards, as required under 42 U.S.C. § 1396a(a)(10).

---

[1] 42 C.F.R. § 435.919 was the standing regulation in 2016. This regulation was removed. As of January 20, 2017, the relevant regulation can be found at §435.917.

57. By failing to comply with the federal rules and regulations regarding eligibility, issuing adequate notices, Defendants have deprived Mr. Bedat of the rights, privileges and immunities secured by the Constitution and laws of the United States, in violation of 42 U.S.C. § 1983, and as preempted by the Supremacy Clause of the United States Constitution, Article VI.

58. Because Defendants have failed to comply with federal Medicaid law, applicable authority authorizes the automatic approval of Plaintiff's Medicaid benefits. *See, Smith v. Miller,* 665 F.2d 172, 176 (7th Cir. 1981).

59. The burden placed on Defendants, should the Court grant the relief requested in this action, is simply that Defendants will be required to comply with federal Medicaid laws; Defendants stand to suffer diminutive, if any, burden by affording the Plaintiff public benefits to which he is entitled pursuant to federal law.

60. Pursuant to 28 U.S.C. § 2201, and Rule 57 of the Federal Rules of Civil Procedure, Plaintiff seeks declaratory relief by this Court.

61. It is well settled that the District Court's exercise of discretion in a declaratory judgement action should be informed by a number of prudential facts, including: (1) consideration of practicality and efficient judicial administration; (2) the functions and limitations of federal judicial power; (3) traditional principles of equity, comity, and federalism; (4) Eleventh Amendment and other constitutional concerns; and (5) the public interest. *Smith & Usaha,* note 2, at 116 citing *Wilton v. Seven Falls Company,* 515 U.S. 288 (1995); *Green v. Mansour*, 474, U.S. 64, 72-74 (1985); *Rickover,* 369 U.S. 111 at 112-113; *Public Service Commission of Utah v. Wycoff Company,* 344 U.S. 237, 243-47 (1952). Perhaps the most important factors are whether a declaratory judgement will serve a useful purpose and resolve the controversy between the parties.

*Smith & Usaha, supra* note 2, at 116 (*Wilton,* 515 U.S. at 288; *Green v. Mansour,* 474 U.S. 64, 74 (1985); *Rickover,* 369 U.S. 111 at 112-113; *Wycoff,* 344 U.S. at 244).

## COUNT TWO – VIOLATION OF THE FEDERAL MEDICAID ACT'S MEDICAL ASSISTANCE, AND NURSING FACILITY SERVICES MANDATE

62. Plaintiff incorporates all paragraphs set out above as if fully set forth herein.

63. In violation of the medical assistance and nursing facility services provisions of the Medicaid Act, 42 U.S.C. §§ 1396a(a)(10)(A), 1396(a)(4)(A), Defendants, acting under color of law, have failed to provide Plaintiff with nursing facility services necessary for the health and welfare of the disabled Plaintiff.

64. Defendants' violations, which have been repeated and knowing, entitle Plaintiff to relief under 42 U.S.C. § 1983.

## COUNT THREE - VIOLATION OF THE FEDERAL MEDICAID ACT'S REASONABLE PROMPTNESS REQUIREMENT

65. Plaintiff incorporates all paragraphs set out above as if fully set forth herein.

66. Plaintiff is a Medicaid-eligible individual who required nursing facility services and resided in Virginia.

67. Defendants are engaged in the repeated, ongoing failure to arrange and provide medical assistance and nursing facility services despite the fact that medical assistance and nursing facility services were and are medically necessary for Plaintiff.

68. 42 U.S.C. § 1396a(a)(8) of the Federal Medicaid Act requires Defendants to provide Medicaid services to Plaintiff with "…reasonable promptness…". Similarly, 42 C.F.R. § 435.930 requires Defendants to afforded Medicaid benefits to eligible beneficiaries without any delay.

## COUNT FOUR – VIOLATION OF THE "AMERICANS WITH DISABILITIES ACT" ("ADA"), 42 U.S.C. §12132

69. Plaintiff incorporates all paragraphs set out above as if fully set forth herein.

70. Defendants have failed to provide a system which ensure that medical assistance will be available, including at least the care and services listed in paragraphs (1) through (5) of 42 U.S.C. § 1396d(a), to all individuals meeting specified financial eligibility standards, as required under 42 U.S.C. § 1396a(a)(10).

71. Plaintiff was and is a "qualified individual with a disability," as defined under the ADA. 42 U.S.C. § 12132 *et. seq*. and 28 C.F.R. § 35.130 *et. seq.*

72. Defendants' failure to afford Plaintiff pubic benefits and services, to which he was entitled under federal law, and failure to grant him Medicaid benefits as a reasonable accommodation, constitutes actual or predictable discrimination in violation of the ADA. 42 U.S.C. § 12132 *et. seq*. and 28 C.F.R. § 35.130 *et. seq*.

73. As a consequence of Defendants' actions described herein, Plaintiff suffered damages, including compensatory, mental anguish, and other damages.

## COUNT FIVE – VIOLATION OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 794

74. Plaintiff incorporates all paragraphs set out above as if fully set forth herein.

75. Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, prohibits public entities and recipients of federal funds from discriminating against any individual by reason of disability. Policies, practices, and procedures that have the effects of unjustifiably denying access to public services and benefits to persons with disabilities constitute prohibited discrimination under the Rehabilitation Act. Defendants are recipients of federal funds under the Rehabilitation Act.

76. The Plaintiff is a qualified individual with a disability under Section 504 of the Rehabilitation Act.

77. The actions by Defendants constitute unlawful discrimination under 29 U.S.C. § 794(a), violate the mandate that no qualified handicapped person should be denied benefits on the basis of handicap, and violate the regulations implementing this statutory prohibition. 28 C.F.R. § 41.51(d).

78. Plaintiff requires 24-hour skilled nursing services for his health, welfare, and survival. Defendants' failure to grant payment of needed benefits to Plaintiff violates § 504 of the Rehabilitation Act of 1973 and its implementing regulations.

79. As a consequence of Defendants' actions as described herein, Plaintiff has suffered damages, including compensatory, mental anguish and other damages.

### COUNT SIX – VIOLATION OF SUBSTANTIVE AND PROCEDURAL DUE PROCESS –5th and 14TH AMENDMENT OF U.S. CONSTITUTION AND 42 U.S.C. § 1983

80. Plaintiff incorporates all paragraphs set out above as if fully set forth herein.

81. To comply with the Due Process guarantees under the United States Constitution, Defendants must provide Plaintiff with a meaningful notice that apprises him of the reasons for denial of assistance and the authority for the denial.

82. Plaintiff is entitled to a hearing when such benefits are denied to him and for the reasons enumerated under the Federal Medicaid act.

83. Defendants failure to give Mr. Bedat adequate notice of the denial of benefits does not adequately apprise him of the action against him, the reasons for the denial, or the authority for the denial. The failure to give notice regarding the calculation of assets and ruling against him in his Appeal is therefore inconsistent with the Due Process Clause of the United States

Constitution, Amendment XIV and the Medicaid Act, Title XIX of the Social Security Act, Title 42 § 1396a, *et seq.*, and its implementing regulations.

84. Defendants acted willfully, knowingly, and purposefully with the specific intent to deprive Plaintiff of his rights, privileges, or immunities secured by the Constitution and laws by the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and by 42 U.S.C. §1983.

85. Furthermore, Plaintiff is entitled to accommodations due to his physical and/or mental incapacity that allow him to access benefits under the Medicaid program for which he is eligible.

86. Defendants have deprived Plaintiff of his property interests under color of law without due process of law in violation of the Due Process Clause of the Fifth and Fourteenth Amendments to the United States Constitution.

87. Plaintiff's property interests are of a type protected by the Fifth and Fourteenth Amendments to the United States Constitution.

88. Plaintiff possess a legitimate claim of entitlement and justifiable expectation in their property interests.

89. The above acts were committed under color of state law by Defendants. Said acts were committed by Defendants, by and through representatives of Defendants acting in their official capacities pursuant to the statutes, ordinances, laws, and policies of Defendants.

90. The Defendants acted willfully, knowingly, and purposefully with the specific intent to deprive Plaintiff of him rights, privileges, or immunities secured by the Constitution and laws by the Equal Protection Clause of the Fourteenth Amendment to the Constitution of the United States and by 42 U.S.C. §1983.

91.     As a consequence of Defendants' actions as described herein, Plaintiff suffered damages.

## COUNT SEVEN – TEMPORARY AND PERMANENT INJUNCTION

92.     Plaintiff incorporates all paragraphs set out above as if fully set forth herein.

93.     The above acts were committed under color of state law by Defendants. Said acts were committed by and through representatives of Defendants acting in their official capacities pursuant to the statutes, ordinances, laws, and policies of Defendants.

94.     Plaintiff demands temporary and permanent injunctive relief requiring that Defendants issue payment of his Medicaid benefits.

95.     Plaintiff requests an Order requiring Defendants to automatically issue payment of Plaintiff's Medicaid benefits.

## VI. REQUESTS FOR RELIEF

1.     Issue a Declaratory Judgment in favor of Plaintiff, requiring Defendants to adhere to the requirements of the Medicaid Act;

2.     Issue a Declaratory Judgment in favor of Plaintiff requiring Defendants to allow Plaintiff sufficient due process, including notice of actions taken against her;

2.      Issue Preliminary and Permanent Injunctive relief enjoining Defendants from subjecting Plaintiff to practices that violate his rights under the Medicaid Act;

3.     Issue Preliminary and Permanent Injunctive relief requiring Defendants to arrange for medical assistance and nursing facility services to Plaintiff;

4.     Issue Preliminary and Permanent Injunctive relief requiring Defendants to allow Plaintiff sufficient due process, including notice of actions taken against her;

5.  Award Plaintiff the costs of this action, including reasonable attorneys' fees, pursuant to 42 U.S.C. § 1988; and,

6.  Award such other relief as the Court deems just and appropriate, including, but not limited to, compensatory and punitive damages, interest, expenses, and costs.

Respectfully Submitted,

/s/ Kathleen C. Morris
Kathleen C. Morris, VSB #76956
sb2 inc.
1426 N 3rd Street, Suite 200
PO Box 5400
Harrisburg, PA 17110
Telephone: (717) 712-3131
Facsimile: (717) 909-5925
KMorris@sb2inc.com
*Attorney for Plaintiff*

/s/ Katie Z. Van Lake
ARDC# 6292120
sb2 inc.
1426 N. 3rd Street, Suite 200
Harrisburg, PA 17102
Telephone: (516) 509-1289
Facsimile: (717) 909-5925
kvanlake@sb2inc.com
*Attorney for Plaintiff*
*Pro Hac Vice Motion to be filed*